IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VERA KING, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 08-0338-WS-B |
| | ) |
| SCOTTSDALE INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on the defendant's motion for summary judgment. (Doc. 16). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 17, 18, 20, 24), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion for summary judgment is due to be granted.

## BACKGROUND

The plaintiff owns a rental home insured under a policy issued by the defendant. In February 2007, the plaintiff submitted a claim for damages related to Hurricane Katrina (which made landfall in August 2005). The defendant assigned an independent adjuster, who inspected the property and concluded that there was damage (to the roof, plus water damage in the kitchen and hallway) from a covered peril but that the cost to remedy the damage was below the policy's $2,500 deductible. The defendant accordingly denied benefits.

In March 2007, the plaintiff submitted a second claim, for interior water damage. The adjuster concluded that the subject damage was caused by a longstanding leaky AC drain line. The defendant denied coverage on the grounds, inter alia, that the policy does

not cover losses arising from such causes.

The plaintiff sued for breach of contract and bad faith, alleging that Katrina caused interior water damage of approximately $50,000.

## DETERMINATIONS OF UNCONTROVERTED FACT

The policy covers only losses caused by the following specifically listed perils: fire or lightning; windstorm or hail; explosion; riot or civil commotion; aircraft; vehicles; smoke; volcanic eruption; and vandalism or malicious mischief.  (Doc. 18, Exhibit B at 5, 7; *id*., Exhibit L at 7).  The policy does not cover losses caused by leaking AC drain lines.

Hurricane Katrina caused some roof damage, which led to water intrusion that manifested as spots on the hall and kitchen ceilings.  (Doc. 18, Exhibit E at 2, 6, 8, 10-12; *id*., Exhibit C at 9, 11-12).  The cost to repair this damage was $2,113.75.  (*Id*., Exhibit E at 10-14).  The policy limits for dwelling coverage were $50,000, and the wind/hail deductible was 5%, or $2,500.  (*Id*., Exhibit B at 4-5, 7).  The cost of repair was therefore below the policy deductible.

The additional damage was in the HVAC closet, the adjacent bedroom and closet, and the floor of the hallway.  (Doc. 18, Exhibit E at 2; *id*., Exhibit F at 2; Doc. 20, Exhibit 3 at 2-4).  This damage was caused by a leaking AC drain line, not by Hurricane Katrina or any other covered wind event.  (Doc. 18, Exhibit E at 2; *id*., Exhibit F at 2).

## CONCLUSIONS OF LAW

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law."   Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact

that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made. [citation omitted] If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). "If the nonmoving party fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (internal quotes omitted).

"There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). Accordingly, the Court's review is limited to those factual and legal arguments the parties have expressly advanced.

**I.  Breach of Contract.**

As noted, it is uncontroverted that: (1) the policy covers damage caused by wind but not by leaking AC drain lines; (2) the damage caused by wind was below the deductible; and (3) all other damage was caused by the leaking AC drain line. The plaintiff argues that the leaking AC drain line "could have" been caused by Katrina, if: (1) it created a large hole in the roof; (2) that hole was above the HVAC closet; (3) debris entered the HVAC closet through the hole; and (4) the debris clogged the drain line. (Doc. 20 at 4). The plaintiff, however, has identified no evidence to support any of these points, much less all four.

The plaintiff begins by suggesting that Katrina blew off a ventilation turbine,

creating a "large hole" in the roof. (Doc. 20 at 4). The plaintiff identifies no evidence to support the proposition, and the only evidence concerning the turbine brought to the Court's attention is that it blew off in Hurricane Ivan (in 2004), that the tenant repaired it, and that it was on the house, albeit "loose," when the adjuster inspected the property a few days after the claim. (Doc. 18, Exhibit C at 12-13; *id*., Exhibit E at 6). The final three propositions of the plaintiff's hypothesis are not supported by her in any fashion.

In summary, there is no genuine issue of material fact as to whether the defendant breached the contract, and the defendant is entitled to judgment as a matter of law.

## II.  Bad Faith.

"[C]ontractual liability is a prerequisite for liability for bad faith. Therefore, one who cannot prove she was entitled to benefits under an insurance policy cannot recover on a bad-faith claim." *Acceptance Insurance Co. v. Brown*, 832 So. 2d 1, 16 (Ala. 2001). Because the defendant is entitled to summary judgment on the contract claim, it is necessarily also entitled to summary judgment on the bad faith claim as well.

### CONCLUSION

For the reasons set forth above, the defendant's motion for summary judgment is **granted**. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 26th day of March, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE